ABELMANN ROLLINS LLLC

W. RICHARD ABELMANN 9158
CHRISTOPHER T. ROLLINS 9795
1330 Ala Moana Blvd. Ste. 301
Honolulu, Hawaii 96814
Tel. 808.589.1010   Fax. 888.797.7471
rick@abelmannlaw.com | chris@abelmannlaw.com

Attorneys for Debtors DAVIS AQUINO SORIA and
RHIZZA TUMANDAO DE GUZMAN-SORIA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CASE NO. 14-00630 |
| | ) | (Chapter 13) |
| DAVIS AQUINO SORIA and | ) | |
| RHIZZA TUMANDAO DE | ) | Adv. Proc. No: 14- |
| GUZMAN-SORIA, | ) | |
| | ) | |
| Debtors. | ) | COMPLAINT SEEKING |
| _____ | ) | DAMAGES IN CORE |
| DAVIS AQUINO SORIA and | ) | ADVERSARY PROCEEDING |
| RHIZZA TUMANDAO DE | ) | |
| GUZMAN-SORIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | DATE: |
| | ) | TIME: |
| PNC BANK, NATIONAL | ) | JUDGE: Hon. Robert J. Faris |
| ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

## Introduction

1. This is an action for actual and punitive damages filed by the Debtors pursuant to Sections 105, 362, and 1327 of the Bankruptcy Code[1].

## Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the estate or the Debtors in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

---

[1] All citations to the Bankruptcy Code reference Title 11, United States Code, and all Sections referenced are likewise sections of the Bankruptcy Code unless otherwise indicated.

## Parties

6. The Plaintiffs DAVIS AQUINO SORIA and RHIZZA TUMANDAO DE GUZMAN-SORIA ("Plaintiffs" or "Debtors") in this case are debtors under Chapter 13 of Title 11 of the United States Code in case number 14-00630.

7. Upon information and belief, PNC MORTGAGE is a division of PNC BANK, NATIONAL ASSOCIATION ("PNC" or "Defendant"), and is a national banking association organized in the State of Delaware, with its principal office and mailing address is located at 222 Delaware Avenue, Wilmington, Delaware 19899.

8. Upon information and belief, PNC is a subsidiary of THE PNC FINANCIAL SERVICES GROUP, INC., a corporation incorporated in the State of Pennsylvania, whose principal office and mailing address is located at 1 PNC Plaza, 249 5th Ave., Pittsburgh, Pennsylvania 15222-2707.

9. Upon information and belief, PNC is a national bank providing financial services to over six million customers, "conducting business with the highest ethical standards for more than 150 years…."[2]

## Facts

10. The Plaintiffs filed a voluntary petition for Chapter 13 Bankruptcy with the Clerk of this Court on May 9, 2014, case number 14-00630.

---

[2] *See* https://www.pnc.com/en/about-pnc/company-profile/corporate-principles.html.

11. The § 341(a) meeting of creditors was held and concluded in Honolulu, Hawaii on June 23, 2014.

12. PNC was properly listed as a secured creditor in Schedule D of Plaintiffs' voluntary petition. PNC was listed in the Creditor Matrix of Plaintiffs' voluntary petition.

13. The Bankruptcy Court in this case caused a written notice of the filing, of the automatic stay, of the Chapter 13 plan, and of the § 341(a) meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail on May 11, 2014.

14. Plaintiffs allege upon information and belief that the notice mailed to Defendant included the following warning to all creditors: "CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

15. On September 19, 2014, PNC, by and through its agent, RCO Hawaii, LLLC, caused a proof of claim to be filed in the amount of $667,401.49.

16. On September 30, 2014, PNC, by and through its counsel, RCO Hawaii, LLLC, filed an Entry of Appearance and Request for Special Notice by Pending on behalf of Deutsche Bank National Trust Company as Trustee for HarborView

Mortgage Loan Trust 2007-7 ("Deutsche"). Upon information and belief, PNC acts as a mortgage servicer for Deutsche.

17. Despite such notifications of the Debtors' bankruptcy filing and the automatic stay, on or about May 16, 2014, PNC caused a statement to be sent to Debtors seeking $86,892.15. Among other threats for fees and interest, the statement says that PNC "may report information about [Debtors'] account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.".

18. Plaintiffs were distressed by this letter because they knew they had filed for bankruptcy protection and had provided notification to PNC. Plaintiffs delivered a copy of the letter to their attorneys on or about May 23, 2014.

19. On or about June 6, 2014, PNC caused an escrow statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

20. On or about June 16, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

21. On or about July 16, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

22. On or about August 18, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

23. On or about September 24, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

24. On September 29, 2014, this Court entered an order confirming Debtors' Chapter 13 plan.

25. On or about October 16, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

26. On or about November 17, 2014, PNC caused a statement to be sent to Debtors which contained substantially the same information and threats as the previous statement.

27. The Plaintiffs, upon receiving the ongoing communication, were immediately distressed; they were under the impression that this debt was being handled through their Chapter 13 plan, and could not understand why PNC continued trying to collect from them.

28. The Plaintiffs incurred travel costs to consult with their attorneys regarding the ongoing communications.

29. Upon information and belief, the communications were attempts to collect on a debt.

30. As a result of these willful actions by Defendant, Plaintiffs suffered physical, emotional and mental stress, nervousness, and other actual and consequential damages.

First Claim for Relief
(<u>Violation of the Automatic Stay</u>)

31. The allegations in paragraphs 1 through 30 of this complaint are realleged and incorporated herein by this reference.

32. The actions by Defendant of collecting on a prepetition debt are individually and collectively a gross violation of the automatic stay as set forth in § 362(a).

33. As a result of the above violation of § 362(a) and this Court's powers under § 362(k), the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

Second Claim for Relief
(<u>Contempt of Court</u>)

34. The allegations in paragraphs 1 through 33 of this complaint are realleged and incorporated herein by this reference.

35. The actions by Defendant of contacting Plaintiffs by written communications seeking to collect on prepetition debt outside of the terms of Plaintiffs'

confirmed Chapter 13 plan are individually and collectively an action in contempt of court.

36. As a result of the above violations action in contempt of court pursuant to § 1327 and this Court's powers under § 105, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray that this Court will enter an order:

A. Declaring that Plaintiffs have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

B. Declaring that Plaintiffs have and recover against Defendant a sum to be determined by the Court in the form of punitive damages;

C. Declaring that Plaintiffs have and recover against Defendant all reasonable legal fees and expenses incurred by their attorney pursuant to § 362(k) and § 105; and

D. Declaring that Plaintiffs have such additional relief as this Court deems necessary or proper.

DATED: Honolulu, Hawaii, December 4, 2014.

        ABELMANN ROLLINS LLLC

        /s/ W. Richard Abelmann
        W. RICHARD ABELMANN
        CHRISTOPHER T. ROLLINS
        Attorneys for Plaintiffs DAVIS AQUINO
        SORIA and RHIZZA TUMANDAO DE
        GUZMAN-SORIA